USDC IN/ND case 3:19-cv-00244-DRL-MGG document 6 filed 10/16/18 page 1 of 4

Filed: 10/16/2018 2:47 PM
Clerk
Elkhart County, Indiana

20D03-1810-CT-000236
Elkhart Superior Court 3

| STATE OF INDIANA ) | IN THE ELKHART SUPERIOR COURT 3 |
|---|---|
| ) SS: | |
| COUNTY OF ELKHART) | CAUSE NO. |

ERICKA D. DAVIS, )
       Plaintiff, )
v. )
THOR MOTOR COACH, INC., )
       Defendant. )

## COMPLAINT

Plaintiff alleges against defendant that:

1. Plaintiff Ericka D. Davis, an African-American/Black female, alleges that she was discriminated against, harassed, suffered a hostile work environment because of her race and color, and was retaliated against and was constructively discharged because of complaining about race harassment in the workplace, as she stated in her Charge of Discrimination No. 470-2018-01803, which is attached hereto and made a part hereof as Exhibit A, which is adopted by reference into this Complaint pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

2. Defendant Thor Motor Coach, Inc., is a corporation authorized to do business in the state of Indiana and does so at 3322 Middlebury Street, P.O. Box 1486, Elkhart, Indiana 46516. "Thor" is an "employer" for purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) ("Title VII"). Defendant is obligated pursuant to Title VII and 42 U.S.C. § 1981 to refrain from discriminating against minorities with respect to their race and color and to refrain from discriminating against minorities with respect to the contractual benefits of their employment.

3. The Equal Employment Opportunity Commission issued a Notice of Right to Sue on or about July 19, 2018 (incorporated herein and made a part hereof as Exhibit B), and this Complaint has been filed within 90 days after receipt thereof.

4. Plaintiff contends that she was discriminated against, harassed, subjected to a hostile work environment, and retaliated against and was constructively discharged on account of her race and color (African-American/black) in violation of Title VII and 42 U.S.C. § 1981 in that:

   a. Plaintiff and another black co-worker were "segregated" and were made to work by themselves and apart from Caucasian/non-black employees;

   b. Plaintiff and Belinda Whitener (the only other black female at Thor who worked with Plaintiff) were referred to as "coco" by Brenda _____ (Supervisor) – a derogatory term referring to Plaintiff's skin color;

   c. Plaintiff was treated differently (worse than) similarly situated non-Blacks with respect to the terms, conditions, privileges and benefits of her employment contrary to Title VII and 42 U.S.C. § 1981;

   d. Plaintiff attempted to complain to Human Resources about the mistreatment but Rick Shraw (Manager) came into the HR office and threatened Plaintiff with termination if she did not immediately get to work;

   e. Plaintiff's complaints to the HR department were overlooked and swept under the rug and either no investigation or a "sham" investigation was conducted;

   f. When Plaintiff was transferred to Audit Bay, she was discriminated against and that she was not trained, and then without being trained she was instructed

--2--

   to train a co-employee, Belinda Whitener, and then threatened by Brenda that if "it wasn't done right" she would be replaced;

g. Plaintiff and Belinda Whitener were forced to do the harshest of jobs (for example using a chemical and scrubbing floors while non-blacks were merely pushing around a broom until units were ready for additional work);

h. Plaintiff was spoken to harshly and disrespectfully unlike her non-black similarly situated co-employees;

i. Every time Plaintiff tried to stand up for herself and report the discrimination and harassment to Human Resources, either her complaint was overlooked, or a "sham" investigation was conducted, or her attempts to report the discrimination/harassment were interfered with;

j. Plaintiff was criticized for not performing her job, but this criticism was false (for example she was punished for not cleaning but she did in fact, clean her area). Finally, on March 6, 2018, Plaintiff became so stressed and mentally anguished that she could no longer take the hellish work conditions under which she was employed – so she had no other choice but to be constructively discharged. Plaintiff filed, on that day, a complaint with Defendant's corporate office, was told that her complaint would be investigated, but Plaintiff never received a call back. She discovered that the complaint had been "closed" when she called to inquire as to the status of the purported investigation that was supposed to be taking place.

5. The actions of the Defendant and its representatives were intentional, malicious, and in

reckless disregard of Plaintiff's federally protected civil rights.

6. As a result of Defendant's actions, Plaintiff suffered a loss of her job and job-related benefits, including income, and she suffered embarrassment, humiliation, stress, emotional distress, mental anguish, and other damages and injuries for which she seeks compensatory damages.

7. Plaintiff seeks punitive damages given that Defendant's acted intentionally and in reckless disregard of Plaintiff's federally protected civil rights.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory damages, backpay, front pay, reasonable attorney's fees and costs, punitive damages and any and all other relief available under Title VII and 42 U.S.C. § 1981.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

CHRISTOPHER C. MYERS & ASSOCIATES

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
*Counsel for Plaintiff*